# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| FLOYD W. WILLIAMS, II, | : | CIVIL ACTION NO. |
| GDC ID # 1063522, Case # 743078, | : | 1:16-CV-03479-WSD-JCF |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN CLAY TATUM, | : | HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner, a Georgia prisoner, challenges via a 28 U.S.C. § 2254 habeas corpus petition his August 26, 2011 convictions in the Superior Court of Clayton County, for murder and lesser crimes, upon the entry of his guilty plea. (Doc. 1; *see* Doc. 11-1). **IT IS RECOMMENDED** that Respondent's Motion To Dismiss Petition As Untimely (Doc. 11) be **GRANTED**.

## I. Procedural History

Petitioner entered his guilty plea on August 26, 2011. (Doc. 1 at 2; *see* Doc. 12-1). He did not file a direct appeal.[1] On February 12, 2013, Petitioner filed a state habeas petition (Doc. 12-2), which was denied (Doc. 12-3). On September 8, 2015, the Supreme Court of Georgia denied his application for a certificate of probable cause

---

[1] Petitioner asserts that he filed a motion for sentence modification, which was denied on December 14, 2011 (Doc. 1 at 3), but he provides no proof of that assertion.

("CPC") to appeal. (Doc. 12-4; *see* Doc. 11-1 at 1).

Petitioner executed and filed his federal habeas petition almost precisely one year later, on September 6, 2016. (Doc. 1 at 9). He raises six claims: (1) an untimely and unlawful indictment; (2) insufficient evidence; (3) prosecutorial misconduct for allowing perjured testimony and withholding exculpatory evidence; (4) ineffective assistance of counsel; (5) an unknowing and involuntary plea due to mental illness and the side effects of prescription pills; and (6) the state habeas court's violation of his due process rights. (Doc. 1 at 5-7).

Respondent moves to dismiss the petition as time-barred. (Doc. 11). Petitioner responds that he was periodically on lockdown at Jackson State Prison between September 2011 and June 2012, and at Hays State Prison between June 2012 and June 2015. He provides no specific dates for these alleged lockdowns. (Doc. 16 at 1-2).

## II.    **Petitioner's Federal Habeas Petition Is Time-Barred.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that an application for federal habeas review of a state court judgment of conviction be filed within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If the record does not suggest otherwise, and here it does not, the limitations period for a federal habeas petition is triggered by the finality of the judgment of conviction at issue, i.e., "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not file a direct appeal within the thirty-day time limit for doing so, *see* O.C.G.A. § 5-6-38(a) (allowing thirty days to appeal a judgment of conviction in Georgia), his convictions became final under 28 U.S.C. § 2244(d)(1)(A) on September 26, 2011, when the thirty-day period expired for Petitioner to file a direct appeal after the entry of his guilty plea on August 26, 2011. *See Cantu v. Florida*, No. 2:13-cv-400-FtM-29MRM, 2016 U.S. Dist. LEXIS 64645, at *5-6 (M.D. Fla. May 17, 2016) (citing

3

*Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002), involving a Georgia prisoner, to the effect that "where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became 'final' for purposes of § 2244 on the date his 30-day right to appeal expired").

### A.  Statutory Tolling

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Based on the evidence of record, it appears that the limitations period in this case ran untolled for 365 days after Petitioner's judgment of conviction became final on September 26, 2011 and expired on September 26, 2012 — more than four months before Petitioner filed his state habeas petition on February 12, 2013. Because Petitioner did not file an application for state post-conviction or other collateral review with respect to his judgment of conviction during the one-year federal limitations period, statutory tolling does not apply here.[2] *See George v. Sec'y Dep't of Corr.*, 438 Fed. Appx. 751, 753 n.5 (11th Cir. 2011) (noting "that § 2244(d)(2) does not provide for statutory tolling [when] the

---

[2] And even if Petitioner filed a motion for sentence modification, and that motion tolled the limitations period until its denial on December 14, 2011, Petitioner allowed more than one year to pass before he filed his state habeas petition, which therefore had no tolling effect.

4

one-year limitations period provided by AEDPA ha[s] already expired [before a petitioner files] his state post-conviction motion"; and citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), for its "holding that a properly filed application for state post-conviction relief does not provide statutory tolling of [the] AEDPA limitations period where the motion for state post-conviction relief was not filed until after § 2244(d)'s one-year limitation period had expired"). Thus, to obtain merits review of his otherwise untimely federal habeas claims, Petitioner must establish either that equitable tolling is warranted or that he is actually innocent of his crimes of conviction. He has done neither.

### B. Equitable Tolling

The Supreme Court of the United States has held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Court noted, however, "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal quotations omitted); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)

5

("[E]quitable tolling is an extraordinary remedy, [and] it is limited to rare and exceptional circumstances and typically applied sparingly. Thus, . . . [it] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (citation and internal quotations omitted)). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. "To establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.*; *see Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("Conclusory allegations are simply not enough to warrant a hearing.").

Petitioner suggests a possible basis for equitable tolling here — the alleged lockdowns at Jackson and Hays State Prisons. (Doc. 16 at 1). But Petitioner also acknowledges that the lockdowns were only periodic and that they ended in June 2015. (*Id.*). And it is undisputed that after the Supreme Court of Georgia denied his CPC application on September 8, 2015 (*see* Doc. 12-4) , all but two days of the 365-day

6

federal limitations period ran untolled before he filed his federal habeas petition on September 6, 2016 (*see* Doc. 1). Thus, to establish that his federal habeas petition is timely, Petitioner must show that he was locked down, and therefore entitled to equitable tolling, for all but two days while the limitations period ran untolled during the 14 months between the denial of his motion for sentence modification in December 2011 and the filing of his state habeas petition in February 2013. Petitioner has not attempted to make that showing, and his allegations demonstrate that he could not do so.

### C.   Actual Innocence

Finally, even if the limitations period has expired, "actual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

7

evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To prevail on such a claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1314-15, 1318 (11th Cir. 2012) (discussing "*Schlup* gateway" to consideration of procedurally barred claims, which the Supreme Court created to prevent the conviction of a defendant who is actually innocent).

Petitioner has offered no new reliable evidence of his actual innocence. His federal habeas petition, due no later than December 14, 2012, but filed on September 6, 2016, is untimely by almost four years.

## III. Certificate of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)). Furthermore,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted). Because jurists of reason would not find it debatable, and would agree, that Petitioner's federal habeas petition is untimely, and that neither statutory nor equitable tolling nor Petitioner's actual innocence allows review of the merits of his federal habeas claims, a certificate of appealability is not warranted here.

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion To Dismiss Petition As Untimely (Doc. 11) be **GRANTED**; that Petitioner's habeas corpus petition (Doc. 1) be **DISMISSED as time-barred**; and that Petitioner be

**DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 28th day of February, 2017.

                                        /s/ *J. CLAY FULLER*
                                        J. CLAY FULLER
                                        United States Magistrate Judge

AO 72A
(Rev.8/82)