# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FLOYD W. WILLIAMS, II,

    Petitioner,

v.

WARDEN CLAY TATUM,

    Respondent.

1:16-cv-3479-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [17] ("R&R"), recommending that Respondent Warden Clay Tatum's ("Respondent") Motion to Dismiss Petition as Untimely [11] ("Motion to Dismiss") be granted, that Petitioner Floyd W. Williams, II's ("Petitioner") Application for Habeas Corpus Under § 28 U.S.C. 2254 [1] ("Federal Habeas Petition") be dismissed as time-barred, and that a certificate of appealability be denied. Also before the Court are Petitioner's Objections [19] to the R&R.

## I.   BACKGROUND

On August 26, 2011, in the Superior Court of Clayton County, Petitioner pleaded guilty to two counts of murder, one count of residential burglary, one

count of possession of a firearm by a felon, and one count of aggravated assault. ([12.1] at 1). Petitioner was sentenced to life in prison, and did not file a direct appeal. ([12.1] at 1-2). Petitioner claims that, on December 13, 2011, he filed, in the Superior Court of Clayton County, a "motion for sentence modification," which was denied on December 14, 2011. ([1] at 3; [11.1] at 1; [19] at 2).[1]

On February 12, 2013, Petitioner filed his state habeas petition, which was denied on April 16, 2015. ([12.2]; [12.3]). On September 8, 2015, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. ([12.4]; [11.1] at 1). On September 6, 2016, almost one year later, Petitioner filed his Federal Habeas Petition. On October 20, 2016, Respondent filed his Motion to Dismiss, arguing that Petitioner's Federal Habeas Petition was time-barred. On February 28, 2017, the Magistrate Judge issued his R&R, recommending that Respondent's Motion to Dismiss be granted. On March 9, 2017, Petitioner filed his Objections to the R&R.

---

[1] Petitioner has not provided any evidence of his "motion for sentence modification." Petitioner also, in his Objections, alleges that he "filed several motions for the defense of himself in other legal matters in the State of Virginia [and the] District Court for the District of Maryland." ([19] at 2). Petitioner did not include these allegations in his Federal Habeas Petition, and does not provide meaningful information about—or evidence of—the "other legal matters" to which he briefly refers in his Objections.

2

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). In view of Petitioner's Objections, the Court conducts a *de novo* review of the record.

### B. Analysis

#### 1. Whether Petitioner's Federal Habeas Petition is Untimely

Section 2254 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period generally runs from the date on

which the judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[2] If the petitioner does not file a direct appeal, the judgment of conviction becomes final when the time to file an appeal expires. 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is subject to equitable tolling if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lugo v. Sec'y, Florida Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014). "To establish diligence, . . . [petitioner] must present evidence showing reasonable efforts to timely file his action." Dodd v. United States, 365 F.3d 1273, 1282 (11th Cir. 2004). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "the allegations supporting equitable tolling must be specific and not conclusory." Lugo, 750 F.3d at 1209. "[D]istrict courts are not required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface." Id. The one-year statute of limitations also may be overcome by a

---

[2] This is subject to limited exceptions not applicable in this case. See 28 U.S.C. §§ 2244(d)(1)(B)-(D) (providing that the limitations period may begin on a different date where unlawful government action impeded the filing of the § 2254 motion, petitioner asserts a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or petitioner discovered facts supporting the claim that could not have been discovered earlier with due diligence).

4

showing of actual innocence. The petitioner, to trigger this exception, must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013).

Under Georgia law, Petitioner was required to file his direct appeal, if any, "within 30 days after entry of the appealable decision or judgment complained of." O.C.G.A. § 5-6-38(a). Because Petitioner did not file an appeal, his judgment of conviction became final, and the limitations period began, on September 27, 2011, thirty days after judgment was entered on August 26, 2011. Petitioner filed his state habeas petition on February 12, 2013, more than a year later. An additional 363 days elapsed between the date on which the Georgia Supreme Court denied Petitioner's application for a probable cause certificate (September 8, 2015) and the date on which he filed his Federal Habeas Petition (September 6, 2016). Petitioner has not established actual innocence or equitable tolling, and his Federal Habeas Petition is required to be dismissed as untimely.[3]

---

[3] Although Petitioner states he has been on lockdown "periodically," this does not cure the untimeliness of his Federal Habeas Petition, including because Petitioner fails to identify the specific dates or duration of his alleged lockdown. ([16] at 1; [19] at 1-2; R&R at 16-17). Petitioner's assertion that he "has been

5

## 2. Certificate of Appealability

A federal habeas "applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a). A court may issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

---

restricted access to the law library" does not entitle him to equitable tolling, and his alleged mistaken belief that he had four years in which to file his Federal Habeas Petition also is insufficient. ([19] at 1-4). See Knight v. Sec., Dep't of Corr., No. 5:09-cv-533, 2011 WL 3349042, at *4 (M.D. Fla. Aug. 3, 2011) ("[N]either an alleged inadequate prison law library, nor limited access to the library establishes extraordinary circumstances warranting an equitable tolling of the limitation period."); Lewis v. Howerton, No. 1:07-cv-2803, 2012 WL 4514044, at *19 (N.D. Ga. Sept. 30, 2012) ("[A] mistake of law by petitioner or those inmates helping him is not a basis for equitable tolling.").

> When the district court denies a habeas petition on procedural grounds . . . , a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id.

The Magistrate Judge found that Petitioner is not entitled to a certificate of appealability because it is not debatable that Petitioner's Federal Habeas Petition is time-barred. The Court agrees, and a certificate of appealability is denied.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections [19] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss Petition as Untimely [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 1st day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE